UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------

MCGRAW-HILL GLOBAL EDUCATION
HOLDINGS, LLC, PEARSON
EDUCATION, INC., CENGAGE
LEARNING, INC., and ELSEVIER, INC.,

                Plaintiffs,

-against-

MEHUL MATHRANI, ANKUSH
SHARMA, ANSHOO SHARMA, and
IBESTBARGAINS, LLC,

                Defendants.

---------------------------------------

16cv8530

OPINION & ORDER

WILLIAM H. PAULEY III, District Judge:

        On December 12, 2017, this Court issued an Opinion & Order (the "December 12 Order") denying iBestBargains, LLC's motions to dismiss for lack of personal jurisdiction and failure to state a claim. iBestBargains now moves for reconsideration of the December 12 Order under Federal Rule of Civil Procedure 59(e) and separately, for certification of an interlocutory appeal under 28 U.S.C. § 1292. But behind the cover lie the same arguments that this Court has already considered and rejected. Thus, as set forth more fully below, iBestBargains' motions are denied.

BACKGROUND

        The underlying facts are described in the December 12 Order, familiarity with which is presumed. See McGraw-Hill Global Educ. Holdings, LLC v. Mathrani, --- F. Supp. 3d ---, 2017 WL 6343527 (S.D.N.Y. 2017). This Court briefly recounts the relevant facts as context. In sum, Plaintiffs are major textbook publishing companies who brought this copyright

and trademark infringement action against a web of individuals and entities alleged to have orchestrated an international scheme to reproduce, import, distribute, and sell counterfeit copies of Plaintiffs' textbooks. One such entity is iBestBargains, a Texas limited-liability company. According to the Second Amended Complaint ("Complaint"), iBestBargains purchased counterfeit textbooks in bulk from foreign distributors and re-sold them.

Following a August 3, 2017 conference addressed in part to iBestBargains' anticipated motions to dismiss for lack of personal jurisdiction and for failure to state a claim, this Court ordered limited jurisdictional discovery on certain discrete topics on consent of the parties. (See Scheduling Order, ECF No. 66, ¶¶ 2-3.) On December 12, 2017, this Court denied iBestBargains' motions to dismiss. McGraw-Hill, 2017 WL 6343627, at *7. Ten days later, iBestBargains moved to certify an interlocutory appeal, and while briefing on that motion was still underway, filed a motion for reconsideration.

DISCUSSION

I.  Motion for Reconsideration

   A. Timeliness

As a threshold matter, this Court must determine what rule authorizes iBestBargains' motion for reconsideration. iBestBargains purports to bring the motion under Rule 59(e), which applies to motions to alter or amend a judgment. See Fed. R. Civ. P. 59(e). In turn, Rule 54(a) defines judgment to include "a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). Here, Rule 59(e) does not apply because the December 12 Order denying iBestBargains' motions to dismiss is neither a judgment nor an order from which an appeal lies.[1]

---

[1]   Indeed, by moving for certification of an interlocutory appeal, iBestBargains appears to recognize that no appeal lies as of right from the December 12 Order. See Lichtenberg v. Besicorp Grp. Inc., 204 F.3d 397, 400 (2d Cir. 2000) (holding that an order granting a preliminary injunction is a judgment for the purposes of Rule 59(e) because 28 U.S.C. § 1292(a)(1) grants an immediate right of appeal).

2

See, e.g., Ret. Bd. of Policemen's Annuity & Ben. Fund of City of Chi. v. Bank of N.Y. Mellon, 2013 WL 593766, at *1 (S.D.N.Y. Feb. 14, 2013) (finding that order deciding motion to dismiss was not a "judgment"); In re Palermo, 2011 WL 446209, at *4 (S.D.N.Y. Feb. 7, 2011) (holding that a denial of a motion to dismiss is not a "judgment" because it "is an interlocutory order from which no appeal lies").

Plaintiffs also oppose any motion for reconsideration under Local Civil Rule 6.3 on the basis that it is untimely. This Court agrees. Local Civil Rule 6.3 directs parties to move for "reconsideration or reargument of a court order determining a motion . . . within fourteen (14) days after the entry of the court's determination of the original motion." Local Civ. R. 6.3. Here, iBestBargains filed its motion for reconsideration on January 8, 2018—twenty-seven days after this Court's December 12 Order. As numerous cases from this Circuit have held, the untimeliness of a motion for reconsideration is reason enough to deny the motion.[2] See Cyrus v. City of N.Y., 2010 WL 148078, at *1 (E.D.N.Y. Jan. 14, 2010) (collecting cases); Farez-Espinoza v. Napolitano, 2009 WL 1118098, at *2 (S.D.N.Y. Apr. 27, 2009) (collecting cases).

B. Merits

Even if this Court addressed the merits of iBestBargains' motion for reconsideration, it would deny it. A motion for reconsideration under Local Civil Rule 6.3 "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.

---

[2] Several courts in this Circuit have construed untimely motions for reconsideration under Rule 59(e) or Local Civil Rule 6.3 as motions brought under Rule 60(b). See, e.g., Cyrus, 2010 WL 148078, at *2 (collecting cases). But Rule 60(b) applies only to "the reconsideration of a 'final judgment, order or proceeding.'" Fennell v. TLB Kent Co., 865 F.2d 498, 501 (2d Cir. 1989) (emphasis in original); see also Grand River Enters. Six Nations, Ltd. v. King, 2009 WL 1739893, at *2 n.1 (S.D.N.Y. June 16, 2009) (finding Rule 60(b) inapplicable to motion for reconsideration of an interlocutory order). Because the December 12 Order is an interlocutory order from which no appeal lies, Rule 60(b) is inapplicable. In re Palermo, 2011 WL 446209, at *4.

3

1995).  Such a motion "cannot assert new arguments or claims which were not before the court on the original motion," because "Rule 6.3 is intended to 'ensure the finality of decisions and to prevent the practice of a losing party examining a decision then plugging the gaps of a lost motion with additional matters.'"  Ret. Bd. of Policemen's Annuity & Ben. Fund of City of Chi., 2013 WL 593766, at *2 (citations and quotation marks omitted).  Stated differently, a motion for reconsideration is not an invitation for parties to "treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings."  De Los Santos v. Fingerson, 1998 WL 788781, at *1 (S.D.N.Y. Nov. 12, 1998).  The standard for reconsideration is strict, and ultimately, the decision is within the sound discretion of the trial court.  Robbins v. H.H. Brown Shoe Co., 2009 WL 2496024, at *1 (S.D.N.Y. July 22, 2009).

Here, the crux of iBestBargains' argument is that this Court failed to consider an affidavit by Plaintiffs purportedly conceding that iBestBargains did not distribute counterfeit textbooks.  That affidavit describes "test purchases from third-party online sellers of textbooks distributed by iBestBargains," which Plaintiffs aver "were shipped from Texas addresses associated with iBestBargains."  McGraw Hill, 2017 WL 6343627, at *2.  iBestBargains appears to contend that this affidavit contradicts the Complaint's allegations of sales of counterfeit textbooks.  But iBestBargains raised this argument, and this Court considered it on the motion to dismiss.  (See ECF No. 90, at 9-11.)

iBestBargains' contention that Plaintiffs' affidavit identifies "several online third parties that actually sold the alleged counterfeit books" does not compel a different result.  For one thing, iBestBargains misapprehends the relevant standard.  As explained in the December 12 Order, because iBestBargains' Rule 12(b)(6) motion "is premised solely on the argument that

4

lumping all defendants together . . . is insufficient to provide fair notice of the grounds for the claims made against each specific defendant," dismissal is warranted when the complaint is "so confused, ambiguous, vague, or otherwise intelligible that its true substance, if any, is well disguised." McGraw-Hill, 2017 WL 6343627, at *6 (citation and quotation mark omitted). This Court concluded that the allegations in the Complaint "are sufficient to give fair notice to iBestBargains of the allegations and claims it is facing." McGraw-Hill, 2017 WL 6343627, at *7. Whether Plaintiffs can ultimately prove the elements of a copyright infringement claim after discovery is complete is a separate matter.

Finally, iBestBargains contends that the allegations in the Complaint fail to adequately plead personal jurisdiction by lumping all defendants together without specific averments relating to each defendant. (See Defendant, iBestBargains, Motion for Reconsideration, ECF No. 104 ("Motion for Reconsideration"), ¶¶ 4-5.) However, this argument was also squarely presented in iBestBargains' motion to dismiss and rejected by this Court. (See Defendants' Amended Memorandum of Law in Support of Motion to Dismiss, ECF No. 80 ("Motion to Dismiss"), ¶¶ 9-11.) The December 12 Order detailed the relevant standards for personal jurisdiction when a court has allowed jurisdictional discovery but not held an evidentiary hearing: (1) the plaintiff must make a prima facie showing of jurisdiction; (2) which may be made through pleadings, affidavits, and supporting materials; and (3) which are construed in the light most favorable to the plaintiff notwithstanding any controverting presentation by the moving party. McGraw-Hill, 2017 WL 6343627, at *2 (citations omitted). In applying those standards, the December 12 Order concluded that Plaintiffs satisfied their burden.

The arguments raised in iBestBargains' motion for reconsideration constitute nothing more than disagreement with this Court's explication of the relevant legal standards and application of the standards to the facts of this case. See Indergit v. Rite Aid Corp., 52 F. Supp. 3d 522, 523 (S.D.N.Y. 2014) (a motion for reconsideration is not an opportunity "to obtain a second bite at the apple"). iBestBargains makes no attempt to point to any controlling precedent or factual matters that this Court overlooked. Although the motion for reconsideration contains a largely digressive discussion of why Chloe v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158 (2d Cir. 2010) does not apply, this Court plainly considered Chloe in concluding that iBestBargains' contacts with New York "are essentially the same conduct on which Plaintiffs' claims are premised—i.e., the sale of counterfeit textbooks through online marketplaces." McGraw-Hill, 2017 WL 6343627, at *4. iBestBargains also contends that this Court overlooked an affidavit by its managing member attesting that "[iBestBargains] has not sold any counterfeit books through market places." (Motion for Reconsideration, ¶ 9.) To the contrary, the December 12 Order found that the affidavit "do[es] not alter the fact that Plaintiffs make a prima facie showing that § 302(a)(1) permits jurisdiction based on their pleadings and affidavits." McGraw-Hill, 2017 WL 6343627, at *5.

II.     Motion to Certify an Interlocutory Appeal

Interlocutory appeals are "presumptively disfavored," Youngers v. Virtus Inv. Partners Inc., 228 F. Supp. 3d 295, 298 (S.D.N.Y. 2017), and only "exceptional circumstances" will justify departure from the general rule of waiting for a final judgment to appeal an interlocutory order, Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 25 (2d Cir. 1990). Thus, an interlocutory appeal may only be certified if the moving party establishes that the proposed appeal (1) "involves a controlling question of law," (2) "as to which there is substantial ground

for difference of opinion," and (3) "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); see Segedie v. Hain Celestial Grp., Inc., 2015 WL 5916002, at *1 (S.D.N.Y. Oct. 7, 2015). But "even when the elements of section 1292(b) are satisfied, the district court retains 'unfettered discretion' to deny certification." Garber v. Office of the Comm'r of Baseball, 120 F. Supp. 3d 334, 337 (S.D.N.Y. 2014).

As the Second Circuit recognizes, § 1292(b) "[b]y its plain terms . . . may only be used to challenge legal determinations." Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc., 368 F.3d 86, 96 (2d Cir. 2004). This means that a question of law "must refer to a 'pure' question of law that the reviewing court 'could decide quickly and cleanly without having to study the record.'" Century Pac., Inc. v. Hilton Hotels Corp., 574 F. Supp. 2d 369, 371 (S.D.N.Y. 2008). Here, iBestBargains appears to seek certification on whether Plaintiffs have sufficiently alleged an unauthorized distribution by iBestBargains. But resolving that question would necessarily require the Court of Appeals to delve into the record. Indeed, a question that "turns on the . . . assessment of the pleadings, is not a 'pure question of law' suited for interlocutory appeal." Picard v. Estate of Madoff, 464 B.R. 578 (S.D.N.Y. 2011); accord In re Lloyd's Am. Trust Fund Litig., 1997 WL 458739, at *5 (S.D.N.Y. Aug. 12, 1997) ("As a general matter, rulings on the sufficiency of pleadings are not appropriate for interlocutory appeal.").

iBestBargains' remaining arguments are without merit. First, it asserts that an affidavit submitted by iBestBargains' managing member "prove[s] that [iBestBargains] did not sell any of the identified counterfeit books," and that an affidavit submitted by Plaintiffs in opposition to the motion to dismiss "further confirmed the fact that iBestBargains did not sell any of the counterfeit books" identified in the complaint. (Defendants' iBestBargains Motion for

Certification of Appeal and Stay of Proceeding, ECF No. 99 ("Motion to Certify") ¶ 9.) According to iBestBargains, these affidavits contradict the Complaint's allegations of distribution by iBestBargains and preclude this Court from accepting them as true. But this argument evinces a misunderstanding of what is required at the pleading stage.[3] Importantly, as iBestBargains appears to concede, the Complaint alleges the sale of counterfeit books by iBestBargains and provides representative examples. (See Motion to Certify ¶ 8; see also Compl. ¶¶ 45, 47.) Again, whether—and to what extent—these allegations are ultimately borne out by the evidence in this case is a separate matter for summary judgment or trial, not an interlocutory appeal.

In its reply brief, iBestBargains shifts gears, and asserts that the question of law to be certified is "whether or not plaintiffs' complaint has asserted allegations to meet [Rule 8] to assert personal jurisdiction over the defendant." (Reply to Plaintiffs' Response, ECF No. 106 ("Motion to Certify Reply"), at 1.) This question is not a pure question of law suitable for interlocutory appeal for the same reasons set forth above—i.e., because it simply challenges the sufficiency of the Complaint's allegations as to personal jurisdiction. Cf. Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 866 (2d Cir. 1996) (observing that while interlocutory orders may involve issues of in personam jurisdiction, "§ 1292(b) was not meant to substitute an appellate court's judgment for that of the trial court"); see also Shovah v. Mercure, 2013 WL 5934310, at *2 (D. Vt. Nov. 5, 2013) (finding interlocutory appeal unwarranted where court's conclusion that the facts supported the exercise of personal jurisdiction did not involve a novel or unsettled area

---

[3] Similarly, iBestBargains' motion for certification repackages the same argument that Plaintiffs failed to identify the particular works that iBestBargains distributed. Aside from the fact that this, too, merely challenges the sufficiency of the Complaint and is thus unsuitable for interlocutory appeal, this Court already considered and expressly rejected this argument in the December 12 Order. McGraw-Hill, 2017 WL 6343627, at *7; see In re Facebook, 986 F. Supp. 2d at 476 (citing Republic Tobacco Co. v. N. Atl. Trading Co., 381 F.3d 717, 728 (7th Cir. 2004) (noting that an "interlocutory appeal is not intended as a 'second bite at the apple' that allows the moving party to reargue issues that the court has already addressed and rejected").

of law).  And to the extent that iBestBargains challenges this Court's assessment of whether that prima facie showing has been made, the question of whether the pleadings, affidavits, and supporting materials support a finding of jurisdiction is "not a question of law at all."  Hecklerco, LLC v. YuuZoo Corp., 258 F. Supp. 3d 350, 357 (S.D.N.Y. 2017) (denying motion to certify interlocutory appeal based on defendants' "disagree[ment] that the factual record supports the Court's exercise of jurisdiction over them").

Although iBestBargains' failure to identify any controlling question of law to certify is fatal to its motion, this Court also concludes that iBestBargains has not met its burden as to the other § 1292(b) requirements.  Aside from reciting the relevant statutory requirements, iBestBargains does not attempt to identify the existence of a substantial ground for difference of opinion or explain how an immediate appeal could materially advance the ultimate termination of the litigation.

## CONCLUSION

Because iBestBargains has not shown that reconsideration or certification of an interlocutory appeal is warranted, its motions are denied.  Consequently, its request for a stay of proceedings pending appeal is denied as moot.  The Clerk of Court is directed to terminate the motions pending at ECF Nos. 99 and 104.

Dated: March 5, 2018
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.